# Arnold&Porter

J. David Park
+1 202.942.5646 Direct
David.Park@arnoldporter.com

May 4, 2021

**FILED VIA CM/ECF**

The Honorable Richard K. Eaton, Judge
United States Court of International Trade
One Federal Plaza
New York, NY 10278

   Re: **Hyundai Steel Company et al. v. United States et al. (19-00099) Slip Opinion
      21-47**

Dear Judge Eaton:

  On behalf of Hyundai Steel Company ("Hyundai Steel") and in response to your April 27, 2021 letter, we have reviewed the opinion issued in the above-referenced case and identify herein the previously identified confidential information that should remain confidential.  We confirm that, in our view, no additional (*i.e.*, non-bracketed) information is confidential and need be redacted from the public version.

  The identity of "Company A" double bracketed at footnote 5 is confidential and should remain confidential in the public version of the opinion.  Hyundai Steel has consistently treated the identity of this affiliated supplier as business proprietary information pursuant to the Department of Commerce's ("Commerce") regulations.  *See* 19 C.F.R. § 351.105(c)(6) (designating the names of suppliers as a category of recognized proprietary information in Commerce's proceedings).  Moreover, this affiliate continues to supply Hyundai Steel with freight services and will continue to be referenced in Commerce's administrative reviews involving Hyundai Steel, in which Hyundai Steel will treat its identity as business proprietary information.  Therefore, we respectfully submit it is necessary to maintain this information's designation as confidential in the public version of this opinion.

  The metric tonnage figures double bracketed at footnote 16 are also confidential and should remain confidential in the public version of the opinion.  This information relates to specific sales figures that Hyundai Steel has consistently treated as business proprietary pursuant to Commerce's regulations.  Moreover, Hyundai Steel has elsewhere in the administrative review record publicly referenced these figures as a percentage of its total U.S. sales.  Making these tonnage figures public would therefore potentially disclose Hyundai Steel's total U.S. sales volume during the period, another piece of information that Hyundai Steel is entitled to treat as business proprietary.  We respectfully submit it is necessary to maintain this information's designation as confidential in the public version of this opinion.

# Arnold&Porter

Regarding the figures referenced in footnote 10 pertaining to information contained in Commerce's respondent selection memorandum, we do not take a position on whether this information is appropriately considered proprietary information.  However, we note that Commerce and U.S. Customs and Border Protection consistently treat such information as confidential.  However, because this proprietary information was obtained and placed on the administrative record by Commerce, Hyundai Steel believes that this information is the Government's information.  Therefore, we neither claim nor waive confidential treatment of this information.

Hyundai Steel confirms that the remaining double-bracketed information (*i.e.*, the double bracketed information in footnotes 12, 13, 15, and 17) that has been previously identified as confidential does not need to remain confidential.

We appreciate the Court's attention to this matter, and please let us know if the Court has any questions or concerns regarding these confidential designations.

Respectfully Submitted,

/s/ J. David Park
J. David Park
Henry D. Almond
Daniel R. Wilson
Leslie C. Bailey
Henry B. Morris
ARNOLD & PORTER KAYE SCHOLER LLP
***Counsel to Hyundai Steel Company***
***Plaintiff***