# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE RICHARD K. EATON, JUDGE

|  |  |
|---|---|
| HYUNDAI STEEL COMPANY and UNITED STATES STEEL CORPORATION, | ) ) ) |
| Plaintiff and Consolidated Plaintiff, | ) ) ) |
| and | ) ) |
| NUCOR CORPORATION, | ) ) ) |
| Plaintiff-Intervenor, | ) ) |
| v. | ) ) Consol. Ct. No.: 19-00099 |
| UNITED STATES, | ) ) ) |
| Defendant, | ) ) |
| UNITED STATES STEEL CORPORATION and HYUNDAI STEEL COMPANY, | ) ) ) |
| Defendant-Intervenor and Consolidated Defendant-Intervenor. | ) ) ) |

## COMMENTS ON COMMERCE'S REMAND REDETERMINATION OF PLAINTIFF HYUNDAI STEEL COMPANY

| | |
|---|---|
| **ARNOLD & PORTER KAYE SCHOLER LLP**<br>601 Massachusetts Avenue, N.W.<br>Washington, D.C. 20001<br>Phone: (202) 942-5000<br>Fax: (202) 942-5999 | J. David Park<br>Henry D. Almond<br>Daniel R. Wilson<br>Henry B. Morris<br>*Counsel to Hyundai Steel Company* |
| | Phyllis L. Derrick<br>Eric Johnson<br>*Consultant to Hyundai Steel Company* |

**Dated: October 24, 2021**

I. **Standard of Review and Summary of Argument**

Following remand, the Court is to determine both whether the remand determination complies with the Court's order and whether the conclusions are supported by substantial evidence and in accordance with law. *Xinjiamei Furniture (Zhangzhou) Co. v. United States*, 968 F. Supp. 2d 1255, 1259 (2014) ("The results of a redetermination pursuant to court remand are also reviewed 'for compliance with the court's remand order.'" (quoting *Nakornthai Strip Mill Public Co. v. United States*, 32 CIT 1272, 1274, 587 F. Supp. 2d 1303, 1306 (2008)).

The Department of Commerce's ("Commerce") September 24, 2021 Final Results of Redetermination Pursuant to Remand, ECF Nos. 61 and 62 ("Remand Redetermination"), complies with the Court's opinion, is supported by substantial record evidence, and is in accordance with law. The Court should therefore sustain Commerce's Remand Redetermination.

II. **Argument**

In its April 27, 2021 opinion, the Court held that Commerce's determination to apply facts available to all sales with certain U.S. control numbers ("CONNUMs") was not supported by substantial evidence and was not in accordance with law. *See Hyundai Steel v. United States*, Consol. Court No 19-00099, Slip Op. 21-47 (April 27, 2021), ECF Nos. 51 and 58, ("Slip Opinion") at 24-31. Specifically, the Court held that Commerce had failed under 19 U.S.C. § 1677m(d) to notify Hyundai Steel of the perceived deficiency and provide an opportunity to explain or remedy. Slip Opinion at 26-30. The Court therefore remanded the matter to Commerce, ordering Commerce to "(1) identify with specificity the control numbers and individual U.S. sales with respect to which it found a deficiency in Hyundai's reported specification data (PRODCOD2U/H and SPECGRADEU/H), (2) clearly describe the nature of each deficiency, and (3) provide Hyundai an opportunity to remediate it," and to reconsider whether its use of facts available is appropriate. Slip Opinion at 38.

1

On remand, Commerce afforded Hyundai Steel an opportunity to explain its reporting via a supplemental questionnaire, and Hyundai Steel provided a full and documented explanation. Remand Redetermination at 8-10.  Commerce fully considered the new information and comments from parties, and properly determined that Hyundai Steel's reporting was "reasonable and consistent with record evidence." *Id.* at 12.  Consequently, Commerce reversed its adverse facts available determination and calculated Hyundai Steel's antidumping duty margin on the basis of the reported data. *Id.* at 14.  Having rectified the procedural shortcomings the Court identified in Commerce's initial determination, the Remand Redetermination is reasonable, consistent with record facts, and properly implements the Court's instructions on remand.

The Court should therefore proceed to sustain Commerce's Remand Redetermination.

Respectfully submitted,

 /s/ J. David Park
J. David Park
Henry D. Almond
Daniel R. Wilson
Henry B. Morris
*Counsel to Hyundai Steel Company*
*Plaintiff*

Phyllis L. Derrick
Eric Johnson
*Consultants to Hyundai Steel Company*
*Plaintiff*

Arnold & Porter Kay Scholer LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001
Phone:  (202) 942-5000
Fax:  (202) 942-5999
E-mail:  David.Park@apks.com

**Dated:  October 24, 2021**

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE RICHARD K. EATON, JUDGE

|  |  |
|---|---|
| HYUNDAI STEEL COMPANY and UNITED STATES STEEL CORPORATION,<br><br>Plaintiff and Consolidated Plaintiff,<br><br>and<br><br>NUCOR CORPORATION,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>UNITED STATES STEEL CORPORATION and HYUNDAI STEEL COMPANY,<br><br>Defendant-Intervenor and Consolidated Defendant-Intervenor. | Consol. Ct. No.: 19-00099 |

**CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the attached Comments on Commerce's Remand Redetermination, dated October 24, 2021, contains 427 words according to the word count function of the word-processing system used to prepare this brief, exclusive of the table of contents, table of authorities, and counsel's signature block, and therefore complies with the maximum 10,000 word count limitation set forth in the Court's Chambers Procedures.

By: /s/ J. David Park
J. David Park

**Dated: October 24, 2021**