# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE RICHARD K. EATON, JUDGE

|  |  |
|---|---|
| HYUNDAI STEEL COMPANY and UNITED STATES STEEL CORPORATION, | ) ) ) |
| Plaintiff and Consolidated Plaintiff, | ) ) ) |
| and | ) ) |
| NUCOR CORPORATION, | ) ) ) |
| Plaintiff-Intervenor, | ) ) ) |
| v. | ) ) Consol. Ct. No.: 19-00099 |
| UNITED STATES, | ) ) ) |
| Defendant, | ) ) ) |
| UNITED STATES STEEL CORPORATION and HYUNDAI STEEL COMPANY, | ) ) ) ) |
| Defendant-Intervenor and Consolidated Defendant-Intervenor. | ) ) ) |

### RESPONSE TO U.S. STEEL'S COMMENTS ON COMMERCE'S REMAND REDETERMINATION OF PLAINTIFF HYUNDAI STEEL COMPANY

ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 942-5000
Fax: (202) 942-5999

J. David Park
Henry D. Almond
Daniel R. Wilson
Henry B. Morris
*Counsel to Hyundai Steel Company*

Phyllis L. Derrick
Eric Johnson
*Consultant to Hyundai Steel Company*

Dated: November 8, 2021

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | Argument | | 1 |
| | A. | U.S. Steel's Advances No Legal Theory that Would Justify Another Remand | 1 |
| | B. | Commerce Correctly Declined to Apply Adverse Facts Available | 4 |
| | C. | U.S. Steel's Remaining Allegations are Without Merit | 8 |
| II. | Conclusion | | 9 |

# TABLE OF AUTHORITIES

**Federal Cases**

*Carpenter Technology Corp. v. U.S.*, 662 F. Supp. 2d 1337, 1347 (Ct. Int'l Trade 2009)...............8

*Hyundai Steel v. United States*, Consol. Court No 19-00099, Slip Op. 21-47 (April 27, 2021)......2

*Xinjiamei Furniture (Zhangzhou) Co. v. United States*, 968 F. Supp. 2d 1255, 1259 (2014) .........1

**Federal Statutes**

19 U.S.C. § 1677m(i)......................................................................................................................9

**Commerce Determinations**

*Certain Cold Rolled Steel Flat Products From the Republic of Korea: Final Results of Antidumping Duty Administrative Review; 2017-2018*, 85 Fed. Reg. 41,955 (July 13, 2020)........7

*Certain Cold Rolled Steel Flat Products From the Republic of Korea: Final Results of Antidumping Duty Administrative Review; 2018-2019*, 86 Fed. Reg. 40,808 (July 29, 2021)........7

*Certain Cold-Rolled Steel Flat Products From the Republic of Korea: Preliminary Results of Antidumping Duty Administrative Review; 2019-2020*, 86 Fed. Reg. 55,584 (Oct. 6, 2021)..........8

I. Argument

   A. U.S. Steel Advances No Legal Theory that Would Justify Another Remand

U.S. Steel's argument and ultimate request that the Court remand to Commerce, instructing Commerce to "take{e} into consideration that it has the authority to continue applying adverse factual inferences," fail to address the applicable standard of review. *See* U.S. Steel's Comments on Remand Results ("U.S. Steel's Comments") (ECF No. 65). As Hyundai Steel noted in its affirmative comments (ECF No. 64), the Court's determination following remand is two-part: (1) whether the remand determination complies with the Court's order, and (2) whether it is supported by substantial evidence and in accordance with law. *See Xinjiamei Furniture (Zhangzhou) Co. v. United States*, 968 F. Supp. 2d 1255, 1259 (2014). Yet U.S. Steel does not address these legal parameters of the Court's review. It is unclear whether U.S. Steel is suggesting the *Remand Redetermination* is unsupported by substantial evidence, contrary to law, or inconsistent with the Court's order. The lack of any reference to the applicable standard of review only underscores the fact that Commerce's redetermination complies with the Court's remand order, and cures the procedural defects inherent in Commerce's initial final results, thereby resulting in a determination that is supported by substantial record evidence and is consistent with law.

Throughout its comments, rather than advancing a legal argument or theory, U.S. Steel points its finger at the Department of Commerce. *See, e.g.*, U.S. Steel's Comments at 1 ("Commerce went too far") and 8 (characterizing Commerce's decisions as "inexplicabl{e}," suggesting Commerce should be "concerned," and faulting the agency for not conducting verification). When not faulting the agency, U.S. Steel turns its ire to Hyundai Steel, for example, falsely claiming that Hyundai Steel's explanations have been "ever shifting" and that the company has a "troubling history" in Commerce's proceedings. *Id.* at 1, 8, 9, and 10. These

complaints are frankly irrelevant and have no bearing on whether the Court should affirm or further remand Commerce's remand determination. Nonetheless, Hyundai Steel feels compelled to respond to these claims. Not only are the allegations irrelevant, but, as discussed in detail below they are without merit.

As an initial matter, U.S. Steel concedes that Commerce's *Remand Redetermination* complies with the Court's order, at least in part. U.S. Steel acknowledges that "Commerce complied with the Court's instructions" by issuing a supplemental questionnaire that provided Hyundai Steel the opportunity to explain the perceived deficiency in its reporting of fields PRODCODU and SPECGRADEU. *See* U.S. Steel's Comments at 1, 9. U.S. Steel further concedes that "On remand, Commerce cured the procedural defects identified by the Court." *Id.* at 3.

Indeed, the Court specifically ordered that, on remand:

Commerce shall (1) identify with specificity the control numbers and individual U.S. sales with respect to which it found a deficiency in Hyundai's reported specification data (PRODCOD2U/H and SPECGRADEU/H), (2) clearly describe the nature of each deficiency, and (3) provide Hyundai an opportunity to remediate it; . . .

Commerce shall reconsider whether the use of facts otherwise available is warranted with respect to any of Hyundai's sales, and adequately explain and support its remand redetermination with substantial evidence

*Hyundai Steel v. United States*, Consol. Court No 19-00099, Slip Op. 21-47 (April 27, 2021), ECF Nos. 51 and 58 ("Slip Opinion" or "*Remand Order*"), at 38. With those defects now cured, as U.S. Steel concedes, the Court should simply proceed to affirm Commerce's *Remand Redetermination*.

As detailed in the *Remand Redetermination*, on June 2, 2021, Commerce issued a supplemental questionnaire to Hyundai Steel, which identified the sales at issue and requested an explanation as to why the reported codes for PRODCOD2U and SPECGRADEU differ for those

2

sales.  *See* Remand Results, ECF Nos. 61-62 ("*Remand Redetermination*"), at 8.  Hyundai Steel responded by explaining that it reported each field in accordance with Commerce's initial questionnaire instructions, *i.e.*, PRODCOD2U reflecting the specification as sold, and SPECGRADEU reflecting the specification as produced.  *Id.* at 9.  Hyundai Steel further explained that for certain sales the difference between the "as sold" and "as produced" specifications occurred because the sales were of formed parts, a further-manufactured part, which do not have a product specification as part of the product's product code (rather, PRODCOD2U was reported as "NA" for "not applicable").  *Id.*; *see also* Hyundai Steel's Rule 56.2 Mot. and Mem. in Support, ECF Nos. 30-31 ("Hyundai Steel's 56.2 Brief"), at 28.  The remaining differences occurred because of substitutions of one specification for another, with the customer's consent, in order to meet a customer's urgent needs.  *See Remand Redetermination* at 9.  Hyundai Steel provided documentation in support of its explanation, including customer communications and mill certificates.  *Id.* at 11.

Based on this explanation and documentation, in its *Remand Redetermination*, Commerce has found "that explanation to be reasonable and consistent with record evidence" and therefore is no longer relying on facts available in determining Hyundai Steel's rate.  *See Remand Redetermination* at 12-14.  Specifically, Commerce determined that "substantial evidence on the record supports Hyundai Steel's explanation for the discrepancy between PRODCOD2U and SPECGRADEU fields for the relevant observations."  *Id.* at 14.

U.S. Steel's comments, on the other hand, do not reference "substantial evidence" once, or otherwise cite to applicable law that Commerce's determination purportedly contradicts.  Instead, U.S. Steel claims that Commerce "felt unduly restrained" by the *Remand Order* and "erroneously believed" it could not make certain findings on remand.  *See* U.S. Steel's

3

Comments at 1, 9.  These claims are conjecture and have no relation to the applicable standard of review.[1]  Simply put, U.S. Steel provides no viable challenge to Commerce's determination.  Its unsupported allegations are not only factually deficient but, more importantly, fail to raise any legally cognizable arguments for the Court to consider at this juncture.

### B. Commerce Correctly Declined to Apply Adverse Facts Available

Commerce properly rejected U.S. Steel's allegation that Hyundai Steel has presented a "shifting narrative" and therefore application of adverse facts available ("AFA") is warranted.  In its comments, U.S. Steel accuses Hyundai Steel of having a "shifting narrative" and "refus{ing} to apply 'maximum effort' in the administrative review."  U.S. Steel's Comments at 5-9.  But U.S. Steel already raised these baseless claims in the remand proceeding, and Commerce squarely rejected them in its *Remand Redetermination*.  Specifically, with regard to the accusation of a "shifting narrative," Commerce noted that its June 2, 2021 Remand Supplemental Questionnaire "was the first instance in which Commerce specifically identified the deficiencies in Hyundai Steel's reporting . . . and afforded Hyundai Steel an opportunity to remedy any such reporting deficiencies."  *Remand Redetermination* at 18.  Accordingly, Commerce found U.S. Steel's allegation "is not supported by the record."  *Id.*  Moreover, Commerce found that any assertion that Hyundai Steel failed to put forth "maximum effort" or otherwise did not cooperate to the best of its ability is "unpersuasive."  *Id.*

---

[1] Regardless, the claims are contradicted by the record.  The Court's *Remand Order* ordered Commerce to "*reconsider* whether the use of facts otherwise available is warranted," which clearly did not "unduly restrain" Commerce in its decision-making.  *See Remand Order* at 39 (emphasis added).  Furthermore, Commerce stated plainly in its *Remand Redetermination* that it has decided to no longer use facts available "based on the information provided by Hyundai Steel in its Remand Supplemental Questionnaire Response," not based on any perceived mandate by the Court, as U.S. Steel suggests.  *Id.* at 14.

4

Indeed, as Commerce noted, Hyundai Steel has cooperated fully. In its initial questionnaire responses, Hyundai Steel reported PRODCOD2U and SPECGRADEU according to Commerce's instructions. *Remand Redetermination* at 12 (finding "Commerce never directed Hyundai Steel to report PRODCOD2U in a manner other than based on how the merchandise was sold" or "SPECGRADEU in a manner other than according to how the merchandise was produced"). Then, on remand, at its first opportunity to explain its reporting, Hyundai Steel provided a full explanation and supporting documentation, all of which Commerce found to be "reasonable and consistent with record evidence." *Remand Redetermination* at 12.

U.S. Steel's suggestion that Hyundai Steel's responses were somehow misleading is similarly baseless. On this point U.S. Steel attempts to make an issue where none exists, concerning Hyundai Steel's explanations of the impact of further manufacturing operations on the product code. *See* U.S. Steel's Comments at 7.[2] The Court commented in the *Remand Order* that the differences in PRODCOD2U and SPECGRADEU were "due to, *for example*, the further manufacturing of the steel in the United States." *Remand Order* at 11 (emphasis added).[3] With respect to Hyundai Steel's further manufactured formed parts products, in its administrative case brief, Hyundai Steel explained to Commerce that these further manufactured products "had differing fields only because Hyundai Steel had (correctly and accurately) reported 'NA' in the

---

[2] In the second bullet point on page 7 of U.S. Steel's comments, U.S. Steel cites to the Court's *Remand Order* at 6. Hyundai Steel believes the correct citation is to page 11 of the *Remand Order*, which includes the sentence, quoted in full: "In other words, the specification data for products 'as purchased' and 'as sold' did not always match because the specification in Hyundai Steel America's purchasing records did not always match the specification in its sales invoices, due to, for example, the further manufacturing of the steel in the United States."

[3] Commerce also noted U.S. Steel's mischaracterization: "{A}lthough the Court referenced further manufacturing of steel in the United States as a reason why specification data for products "as produced" and "as sold" did not always match, it noted that this explanation is an "example" of why there may be a discrepancy between the two fields. It did not hold that this was the only explanation for such discrepancies." *Remand Redetermination* at 19.

5

PRODCOD2U field for formed parts, as that element of the product code did not apply to the product code for formed parts." Hyundai Steel's Case Brief (Nov. 20, 2018) at 22, P.R. 180, C.R. 344. Then, in briefing before the Court, Hyundai Steel again explained "for further manufactured formed parts, Hyundai Steel did not reported any information in the PRODCOD2U field, as there is no such specification information in the invoice to the unaffiliated customer for these formed parts." *See* Hyundai Steel's 56.2 Brief at 28. In response to the Remand Supplemental Questionnaire, Hyundai Steel simply confirmed that there was no "*physical change* to the steel specification," *i.e.*, no change to the specification of the underlying steel, as a result of further manufacturing (as Hyundai Steel had never suggested there was such a change). Hyundai Steel's Supp. Questionnaire Resp. (June 16, 2021) at 12, Rem. P.R. 6, C.R. 3 (emphasis added). There, consistent with all of Hyundai Steel's prior explanations, Hyundai Steel again confirmed that "{t}hese elements of the product code simply do not apply to sales of formed parts." Hyundai Steel's explanations with regard to the impact on the product code as a result of further manufacturing operations have been constant from the administrative proceeding, the subsequent appeal, and through the remand proceeding. Hyundai Steel submits that the Court should disregard U.S. Steel's mischaracterization of Hyundai Steel's reporting and misreading of the Court's *Remand Order*.

   Finally, U.S. Steel's continued reference to the Less-Than-Fair-Value Investigation in this proceeding still is not relevant to the case at-hand. *See* U.S. Steel's Comments at 5-6. Indeed, Commerce properly rejected U.S. Steel's reliance on investigation documents, even those on the record, citing the Court's determination that the investigation record "contained facts not present here" and that during the investigation Hyundai Steel was "provided with notice of specific

6

deficiencies in its data reporting" and "was afforded an opportunity to explain them." *Remand Redetermination* at 19 (citing the *Remand Order* at 28-29).

On this point, Hyundai Steel also takes issue with U.S. Steel's irrelevant and misguided insinuation regarding "Hyundai's troubling history of failing to cooperate to the best of its ability." U.S. Steel's Comments at 7. Hyundai Steel takes its obligation to provide Commerce with accurate and documented information seriously, and puts forth its maximum efforts to do so. In this proceeding, for example, as soon as Commerce identified a perceived issue in Hyundai Steel's reporting for the first time in the Preliminary Results, Hyundai Steel requested an opportunity to provide Commerce with whatever information the agency needed to clarify the issue. *See* Letter from Hyundai Steel, "Request for Supplemental Questionnaire and Tolling of Briefing Period" (Oct. 26, 2018), P.R. 169. Having now had the opportunity to do so on remand, Hyundai Steel has fulfilled its obligations and has provided Commerce with all necessary information to confirm its reporting.

Moreover, Hyundai Steel has continued to participate in on-going administrative reviews of this Order and others. At issue in this litigation is Commerce's first administrative review, but Commerce has now completed the second and third administrative reviews, with the fourth review on-going. In those proceedings, Commerce has issued the following preliminary or final results:

| Proceeding | Hyundai Steel's Calculated Antidumping Duty Rate |
|---|---|
| Cold Rolled Steel Second AD Review Final Results[4] | 0.00% |
| Cold Rolled Steel Third AD Review Final Results[5] | 0.00% |
| Cold Rolled Steel Fourth AD Review Prelim. Results[6] | 0.00% |

These results in the subsequent reviews demonstrate that Hyundai Steel has a track record of cooperation and diligence in participating in Commerce's proceedings. While Hyundai Steel recognizes that the above results are not relevant to the disposition of this appeal, neither is U.S. Steel's suggestion that Hyundai Steel has a "troubling history" in participating in proceedings before the Department of Commerce. Though irrelevant, Hyundai Steel nonetheless feels compelled to correct the record on this point and directly respond to U.S. Steel's unsupported allegations.

    **C.    U.S. Steel's Remaining Allegations are Without Merit**

U.S. Steel's other arguments also fail to demonstrate that any portion of Commerce's *Remand Redetermination* is not supported by substantial evidence or otherwise not in accordance with law.

U.S. Steel suggests that Commerce's decision to not conduct a verification during the remand proceeding was in error. *See* U.S. Steel's Comments at 8. It is unclear whether U.S. Steel is suggesting the Court should take any action (such as ordering Commerce to conduct a verification), or if they are simply taking the opportunity in their filing with the Court to voice a grievance directed towards the Department of Commerce. Regardless, whether Commerce

---

[4] *See Certain Cold Rolled Steel Flat Products From the Republic of Korea: Final Results of Antidumping Duty Administrative Review; 2017-2018*, 85 Fed. Reg. 41,955 (July 13, 2020).

[5] *See Certain Cold Rolled Steel Flat Products From the Republic of Korea: Final Results of Antidumping Duty Administrative Review; 2018-2019*, 86 Fed. Reg. 40,808 (July 29, 2021).

[6] *See Certain Cold-Rolled Steel Flat Products From the Republic of Korea: Preliminary Results of Antidumping Duty Administrative Review; 2019-2020*, 86 Fed. Reg. 55,584 (Oct. 6, 2021).

conducts a verification is at the sound discretion of Commerce, pursuant to its statutory requirements. *See Carpenter Technology Corp. v. U.S.*, 662 F. Supp. 2d 1337, 1347 (Ct. Int'l Trade 2009) (upholding Commerce's decision not to conduct a full verification and noting "{i}t is well established that agencies enjoy broad discretion in allocating their investigative resources"); *see also* 19 U.S.C. § 1677m(i). Here, on remand, Commerce found "no compelling reason" for verification and, rather, substantial evidence on the record supporting the information Hyundai Steel provided regarding the PRODCOD2U and SPECGRADEU fields. *See Remand Redetermination* at 14. U.S. Steel has no factual or legal basis on which to challenge Commerce's decision.

U.S. Steel also claims Commerce should be "concerned" about Hyundai Steel's product coding methodology. *See* U.S. Steel's Comments at 8. U.S. Steel again ignores the central questions: whether Commerce's *Remand Redetermination* is supported by substantial evidence on the record and is in accordance with law. Again, it is unclear whether U.S. Steel is requesting that the Court take any action, or what any such action would be. Regardless, Hyundai Steel explained and documented its reporting methodology with respect to PRODCOD2U and SPECGRADEU, and Commerce found "that explanation to be reasonable and consistent with record evidence." *Remand Redetermination* at 12. Any concerns of the agency have been fully addressed. The Court should therefore disregard U.S. Steel's remaining arguments.

**II.     Conclusion**

As noted in Hyundai Steel's affirmative comments, Commerce's *Remand Redetermination* complies with the Court's *Remand Order*, is supported by substantial evidence on the record, and is otherwise in accordance with law. U.S. Steel has failed to even address the appropriate standard of review and has raised no factual or legal support for its challenge to

9

Commerce's decisions. The Court should therefore proceed to sustain Commerce's Remand Redetermination.

Respectfully submitted,

 /s/ J. David Park
J. David Park
Henry D. Almond
Daniel R. Wilson
Henry B. Morris
*Counsel to Hyundai Steel Company*
*Plaintiff*

Phyllis L. Derrick
Eric Johnson
*Consultants to Hyundai Steel Company*
*Plaintiff*

Arnold & Porter Kay Scholer LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 942-5000
Fax: (202) 942-5999
E-mail: David.Park@apks.com

**Dated: November 8, 2021**

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE RICHARD K. EATON, JUDGE

| | |
|---|---|
| **HYUNDAI STEEL COMPANY and UNITED STATES STEEL CORPORATION,** | )<br>)<br>) |
| Plaintiff and Consolidated Plaintiff, | ) |
| and | ) |
| **NUCOR CORPORATION,** | ) |
| Plaintiff-Intervenor, | ) |
| v. | ) Consol. Ct. No.: 19-00099 |
| **UNITED STATES,** | ) |
| Defendant, | ) |
| **UNITED STATES STEEL CORPORATION and HYUNDAI STEEL COMPANY,** | ) |
| **Defendant-Intervenor and Consolidated Defendant-Intervenor.** | ) |

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the attached Response to U.S. Steel's Comments, dated November 8, 2021, contains 2,731 words, and the Comments on Commerce's Remand Redetermination, dated October 24, 2021, contained 427 words, according to the word count function of the word-processing system used to prepare this brief, exclusive of the table of contents, table of authorities, and counsel's signature block. Therefore, Hyundai Steel has complied with the maximum 10,000 word count limitation set forth in the Court's Chambers Procedures.

**Dated: November 8, 2021**        By:    /s/ J. David Park
                                                            J. David Park