Slip Op. 22– 46

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HYUNDAI STEEL CO., | : |
| Plaintiff, | : |
| and | : |
| UNITED STATES STEEL CORP., | : |
| Consolidated Plaintiff, | : |
| and | : |
| NUCOR CORP., | : |
| Consolidated Plaintiff-Intervenor, | :   Before: Richard K. Eaton, Judge |
| v. | :   Consol. Court No. 19-00099 |
| UNITED STATES, | : |
| Defendant, | : |
| and | : |
| UNITED STATES STEEL CORP., | : |
| Defendant-Intervenor, | : |
| and | : |
| HYUNDAI STEEL CO., | : |
| Consolidated Defendant-Intervenor. | : |

**OPINION**

[Remand Results are sustained.]

Dated: May 13, 2022

*J. David Park*, Arnold & Porter Kaye Scholer LLP, of Washington, D.C., for Plaintiff and Consolidated Defendant-Intervenor Hyundai Steel Co. With him on the brief were *Henry D. Almond*, *Daniel R. Wilson*, and *Henry B. Morris*.

*Kelly A. Krystyniak*, Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant the United States. With her on the brief were *Brian M. Boynton*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Claudia Burke*, Assistant Director. Of counsel on the brief was *Brendan S. Saslow*, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C.

*Thomas M. Beline* and *Sarah E. Shulman*, Cassidy Levy Kent (USA) LLP, of Washington, D.C., for Consolidated Plaintiff and Defendant-Intervenor United States Steel Corp. With them on the brief were *Jack A. Levy* and *Chase J. Dunn*.

Eaton, Judge: Before the court is the remand redetermination of the U.S. Department of Commerce ("Commerce" or the "Department") pursuant to the court's order in *Hyundai Steel Company v. United States*, 45 CIT __, 518 F. Supp. 3d 1309 (2021) ("*Hyundai I*"). *See* Final Results of Redetermination Pursuant to Court Remand (Sept. 24, 2021), PRR 20, CRR 14[1] ("Remand Results").

Plaintiff and Consolidated Defendant-Intervenor Hyundai Steel Company ("Hyundai" or "Hyundai Steel") and Consolidated Plaintiff and Defendant-Intervenor United States Steel Corporation ("U.S. Steel") have each filed comments on the Remand Results, and the United States ("Defendant") has filed responsive comments on behalf of Commerce. *See* Hyundai's Cmts., ECF No. 64; Hyundai's Reply, ECF No. 66; U.S. Steel's Cmts., ECF No. 65; Def.'s Resp. Cmts., ECF No. 68.

In their respective comments, Hyundai Steel and Defendant ask the court to sustain the Remand Results as supported by substantial evidence and otherwise in accordance with law. For

---

[1] "PRR" and "CRR" mean, respectively, the public remand record and the confidential remand record. "PR" refers to the public record of the final results.

its part, U.S. Steel seeks another remand with respect to Commerce's finding that it no longer needed to rely on facts otherwise available, or adverse inferences, under 19 U.S.C. § 1677e(a) and (b).

Because Commerce has complied with the court's orders in *Hyundai I*, and its findings on remand are supported by substantial evidence on the record, and otherwise in accordance with law, the court sustains the Remand Results. *See* 19 U.S.C. § 1516a(b)(1)(B)(i) (2018).

## DISCUSSION

In *Hyundai I*, familiarity with which is presumed, the court reviewed the final results of Commerce's first administrative review of the antidumping duty order on cold-rolled steel flat products from the Republic of Korea. *See Certain Cold Rolled Steel Flat Prods. From the Republic of Korea*, 84 Fed. Reg. 24,083 (Dep't Commerce May 24, 2019) and accompanying Issues and Decision Mem. (May 17, 2019), PR 202.

The court found that Commerce's use of facts available, under 19 U.S.C. § 1677e(a)[2] based on Hyundai's claimed "withholding" of requested information, could not be sustained because Commerce had failed to comply with its obligation, under 19 U.S.C. § 1677m(d),[3] to notify

---

[2] "If . . . an interested party or any other person . . . withholds information that has been requested by [Commerce]," Commerce "shall, *subject to section 1677m(d) of this title*, use the facts otherwise available in reaching the applicable determination under this subtitle." 19 U.S.C. § 1677e(a) (emphasis added).

[3] Subsection 1677m(d) provides:

> If [Commerce] . . . determines that a response to a request for information under this subtitle does not comply with the request, [Commerce] . . . shall promptly inform the person submitting the response of the nature of the deficiency and shall, to the extent practicable, provide that person with an opportunity to remedy or explain the deficiency in light of the time limits established for the completion of

Hyundai of the nature of the alleged deficiencies in the company's questionnaire responses and provide it with an opportunity to remediate. Thus, the court directed Commerce, on remand, to "(1) identify with specificity the control numbers and individual U.S. sales with respect to which it found a deficiency in Hyundai's reported specification data (PRODCOD2U/H and SPECGRADEU/H), (2) clearly describe the nature of each deficiency, and (3) provide Hyundai an opportunity to remediate it." *Hyundai I*, 45 CIT at __, 518 F. Supp. 3d at 1333. The court further directed Commerce to "reconsider whether the use of facts otherwise available is warranted with respect to any of Hyundai's sales, and adequately explain and support its remand redetermination with substantial evidence." *Id.* at __, 518 F. Supp. 3d at 1333. If, on remand, Commerce continued to find that the use of facts available was warranted, and if it made the "additional, distinct finding that the application of an adverse inference is warranted because Hyundai failed to cooperate 'to the best of its ability,' under 19 U.S.C. § 1677e(b), then [Commerce was directed to] support this finding with substantial evidence."[4] *Id.* at __, 518 F. Supp. 3d at 1333.

---

    investigations or reviews under this subtitle. If that person submits further information in response to such deficiency and either—

        (1) [Commerce] . . . finds that such response is not satisfactory, or

        (2) such response is not submitted within the applicable time limits,

    then [Commerce] . . . may, subject to subsection (e), disregard all or part of the original and subsequent responses.

19 U.S.C. § 1677m(d).

    [4]    In addition to remanding Commerce's facts available finding, the court found unlawful Commerce's assignment of the all-others rate to Company A, Hyundai's affiliated freight company, and directed Commerce to "rescind its assignment of the all-others rate to Company A." *Hyundai I*, 45 CIT at __, 518 F. Supp. 3d at 1333. The Department had found that Company A was neither a producer nor an exporter of subject merchandise during the period of review. Thus, Company A did not meet the requirements of 19 U.S.C. §§ 1673b(d) and 1673d(c)(1) for the determination of an antidumping duty rate. *See id.* at __, 518 F. Supp. 3d at 1331-33. In the Remand

The court finds that Commerce has complied with the remand instructions in *Hyundai I*. In the Remand Results, Commerce addressed the shortcomings identified by the court with respect to the notice and remediation requirements of 19 U.S.C. § 1677m(d), which must be satisfied before Commerce can rely on facts otherwise available. The Department stated that it

> 1) Notified Hyundai Steel of the specific . . . observations for which PRODCOD2U and SPECGRADEU differed in its Remand Supplemental Questionnaire to Hyundai Steel;
>
> 2) Recognized that Commerce never directed Hyundai Steel to report PRODCOD2U in a manner other than based on how the merchandise was sold; and
>
> 3) Recognized that Commerce never directed the company to report SPECGRADEU in a manner other than according to how the merchandise was produced.
>
> In response, Hyundai Steel has provided in its Remand Supplemental Response an explanation as to why it reported differing PRODCOD2U and SPECGRADEU characteristics for the . . . observations identified by Commerce. We find that explanation to be reasonable and consistent with record evidence. . . .
>
> On remand, Commerce determines that Hyundai Steel's explanation provides a sufficient basis as to why there was a discrepancy between the relevant observations between the PRODCOD2U and SPECGRADEU fields.

Remand Results at 12 (footnotes omitted). The Department afforded Hyundai an opportunity to explain its reporting via a supplemental questionnaire, and Hyundai provided a full and documented explanation. Thus, on remand, because Commerce found sufficient the information that Hyundai provided in its Remand Supplemental Questionnaire Response, the Department "no longer [relied] on facts available in determining a rate for Hyundai Steel." Remand Results at 14. Additionally, because Commerce did not rely on facts available with regard to Hyundai, it did "not consider[] whether Hyundai Steel cooperated to the best of its ability and whether an adverse

---

Results, Commerce rescinded the rate for Company A, and no party disputes this rescission. The court sustains the rescission of a rate for Company A.

inference is appropriate, pursuant to [19 U.S.C. § 1677e(b)]." Remand Results at 14. Thus, Commerce "relied on the CONNUM coding provided by Hyundai Steel for the . . . observations which were subject to the application of facts available with an adverse inference in the *Final Results*." Remand Results at 14.

Turning to U.S. Steel's comments, the court notes that the company does not argue that Commerce's remand findings are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). Indeed, the standard of review appears nowhere in U.S. Steel's brief. Rather, U.S. Steel's main argument appears to be that Hyundai has changed its story over the course of this proceeding, and thus Commerce should conclude that Hyundai has not cooperated to the best of its ability. *See* U.S. Steel's Cmts. at 9-10 (asking "that this Court remand to Commerce with instructions to review its redetermination, taking into consideration that it has the authority to continue applying adverse factual inferences if, in light of Hyundai's shifting narratives in these proceedings, it finds that the respondent has failed to cooperate to the best of its ability."). U.S. Steel seems to argue that Commerce is authorized to use adverse inferences because of what U.S. Steel characterizes as Hyundai's general pattern of uncooperative behavior—that is, even though Hyundai ultimately provided the information that Commerce asked for, Commerce should nevertheless apply adverse inferences to Hyundai's information.

The court is not persuaded by U.S. Steel's argument that remand is required here. First, Commerce—the administrative agency charged with enforcing the antidumping law—concluded that Hyundai had provided all of the information the Department had requested, and that there were no gaps in the factual record to fill with "facts otherwise available." Remand Results at 14; *see also* 19 U.S.C. § 1677e(a). Moreover, Commerce disagreed with U.S. Steel's position that

Hyundai continually shifted its story. *See* Def.'s Resp. Cmts. at 13 ("Commerce . . . relied on Hyundai's explanation that SPECGRADEU and PRODCOD2U differed in some instances because they are derived from different data sources. Specifically, SPECGRADEU reflects the physical characteristics of the merchandise, whereas PRODCOD2U reflects the merchandise as sold. Commerce also determined that Hyundai consistently has argued that both fields were reported based on different sources of information."). That is to say, Commerce found as a matter of fact that Hyundai cooperated with its requests for information on remand, and had met the legal standard for cooperation. *See* Remand Results at 18-19 (finding that Hyundai "fully responded to each of the questions put forth in Commerce's remand supplemental questionnaire."). U.S. Steel has made no argument that convinces the court that Commerce erred on remand. Thus, it would be contrary to the law and the record evidence to conclude that Hyundai "failed to cooperate by not acting to the best of its ability to comply with a request for information" from Commerce. *See* 19 U.S.C. § 1677e(b)(1). Accordingly, the court finds no grounds for remand.

## CONCLUSION

For the foregoing reasons, the Remand Results are sustained. Judgment will be entered accordingly.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Richard K. Eaton
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Judge

Dated:　　　May 13, 2022
　　　　　　　New York, New York